# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2365 | **DATE** | July 7, 2011 |
| **CASE TITLE** | Herbert Turner (#N-74659) v. Chicago Heights Police Department, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $7.93 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Robinson Correctional Center. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to show cause why this suit should not be dismissed as time-barred, and if he can sufficiently show cause, to submit an amended complaint (plus a judge's copy and service copies). Failure to adequately show cause why this suit should not be dismissed as time-barred and submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ **[For further details see text below.]**   Docketing to mail notices.

## STATEMENT

    Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that "sometime after mid 2008", he was "falsely charged with burglary" and that in August of 2009, he was tried and acquitted. *See Plaintiff's complaint,* p. 4. Plaintiff alleges false arrest, false imprisonment, and malicious prosecution against Defendants Chicago Heights Police Department, Chicago Heights Police Chief Murphy, and John Doe police officers and detectives. *Id*. Plaintiff further alleges that "after mid 2008," a John Doe police officer charged him with burglary without probable cause. *Id*. at p. 4-5. Plaintiff also alleges that he was interrogated for three days before he was falsely accused of burglary. *Id*. at p. 5. (Presumably on the same accusation that led to his trial "before or after August of 2009").

    Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $7.93. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

    However, Plaintiff's complaint is deficient in several ways and must be dismissed, without prejudice. Plaintiff does not satisfy the pleading requirements of FED. R. CIV. P. 8(a). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S.

**(CONTINUED)**

544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). To satisfy the notice pleading requirements of FED. R. CIV. P. 8(a)(2), Plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). It is a plaintiff's obligation to provide the grounds of his entitlement to relief which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. 544, 555 (citations omitted). Plaintiff has only indicated dates in a general way that render his pleading confusing, and subject to multiple interpretations. Also, while Plaintiff sues the Chief of Police and multiple John Does, the involvement of the Chief of Police is unclear. Further, Plaintiff has named the Chicago Heights Police Department which is not a suable entity. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993). Consequently, Plaintiff's complaint is dismissed, with leave to amend. Should Plaintiff submit an amended complaint, he should not include any claim against the Chicago Heights Police Department.

Additionally, it appears on the face of Plaintiff's complaint that his claims may be time barred. The statute of limitations for Section 1983 actions filed in Illinois is two years. *See* 735 ILCS § 5/13-202 (2006); *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). Illinois law does not toll the statute of limitations for prisoners. *Farrell v. McDonough*, 966 F.2d 279, 282 (7th Cir. 1992); *Alexander v. Lane*, No. 90 C 1568, 1993 WL 539554, *2 (N.D. Ill. Dec. 22, 1993) (Kocoras, J.). Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

In this case, Plaintiff is suing over events alleged to have taken place sometime "after mid 2008," but certainly before his trial in August of 2009. A cause of action for an unlawful arrest accrues on the date of the arrest. *See, e.g., Wallace v. City of Chicago*, 440 F.3d 421, 423 (7th Cir. 2006): "We reaffirm the holding of *Booker v. Ward*, 94 F.3d 1052, 1056-57 (7th Cir. 1996), that false arrest claims accrue at the time of arrest." Therefore, it would seem that any cause of action against any possible Defendant has expired. To the extent that any arrest referred to in Plaintiff's complaint occurred prior to April 7, 2009, the claim has expired and should not be included in any proposed amended complaint. If Plaintiff chooses to submit an amended complaint, he must also show good cause in writing why the complaint should not be dismissed as untimely. Failure to show cause within thirty days of the date of this order will result in summary dismissal of this case as time-barred.

Finally, Plaintiff alleges a claim for malicious prosecution. Malicious prosecution is not actionable in federal court. *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001). While Plaintiff may not pursue his claim for malicious prosecution in federal court, he may, should he choose (and there is no other matter barring it) bring his malicious prosecution claim in state court. *Id.*

It would appear that Plaintiff's claims are untimely and that he has therefore failed to state a claim for relief. However, the Court dismisses Plaintiff's complaint without prejudice. Plaintiff, should he choose to proceed, must both show cause as to why his claims are not untimely, and submit an acceptable amended complaint. The Clerk is directed to send Plaintiff an amended complaint form and instructions. If Plaintiff fails to adequately show cause why this case should not be dismissed as untimely and submit an acceptable amended complaint, stating actionable claims against suable Defendants within 30 days, this case will be dismissed with prejudice.