# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2365 | **DATE** | February 7, 2012 |
| **CASE TITLE** | Herbert Turner (#N-74659) v. Chicago Heights Police Department, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff has responded to the Court's 7/7/2011, order to show cause, in accordance with the order granting him an extension of time in which to show cause on 8/30/2011. However, it is clear from Plaintiff's pleadings that his claims are time barred. Accordingly, pursuant to 28 U.S.C. § 1915A, the Court dismisses the complaint. This case is terminated. Plaintiff remains responsible for the filing fee. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). All pending motions are denied as moot.

■ [*For further details see text below.*]      **Docketing to mail notices.**

## STATEMENT

    Plaintiff has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On July 7, 2011, the Court ordered Plaintiff to show cause why his complaint should not be dismissed as untimely and to submit an amended complaint more clearly alerting Defendants as to the time, place and nature of his claims against them.

    In his amended complaint, Plaintiff claims that "on or about after mid 2008", he was arrested and charged with burglary. *See Plaintiff's complaint,* generally. Plaintiff alleges false arrest, false imprisonment, and malicious prosecution against Defendants Chicago Heights Police Chief Murphy, and John Doe police officers and detectives. *Id*. Plaintiff also alleges that pursuant to arrest, he was subjected to excessive force at the hands of Defendants when they kicked him and beat him while he was handcuffed. Plaintiff further alleges that his handcuffs were applied too tight so that he was subject to pain, and that when he asked for medical assistance due to the injuries he suffered from the excessive force, Defendants refused to provide it.

    Plaintiff alleges that he was tried for burglary in August of 2009, and that Defendants lied in their testimony and coerced untrue testimony from witnesses in order to procure a conviction. In spite of Defendants alleged illegal behavior, Plaintiff states that he was acquitted of the charge of burglary. Plaintiff's Counts I and III relate to his criminal prosecution and trial, and, taken collectively, are essentially a malicious prosecution claim.

    Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a federal claim as a matter of law.
**(CONTINUED)**

AWL

| STATEMENT |
|---|

Plaintiff's allegations fail to state a claim sufficient to survive review under 28 U.S.C. § 1915A as he fails to state a federal cause of action that is not barred by the statute of limitations.

Initially, it is clear from the face of Plaintiff's complaint that any claim relating to actions taken by Chicago Heights Police Officers relating to his arrest are time-barred. *See Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002) (although time-bar is an affirmative defense, it may be the grounds for a preliminary dismissal of a claim, if it is plain from the face of the complaint that the claim is untimely). Plaintiff alleges he was arrested in sometime in 2008, and he filed suit in April of 2011. In order for Plaintiff's claims of false arrest, excessive force on arrest, and denial of medical care for the injuries he alleges he suffered due to the excessive force, to be timely, Plaintiff would have had to file suit sometime prior to the end of 2010, based on what he has pled.

The U.S. Supreme Court, in *Wilson v. Garcia*, 471 U.S. 261 (1984), held that 42 U.S.C. § 1988 requires federal courts to borrow and apply a state's personal injury statute of limitations to all Section 1983 claims. The applicable statute in this instance is 735 ILCS 5/13-202 (2006), which provides that actions for damages shall be commenced within two years after the cause of action accrued. *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). In addition, the statute of limitations begins to run for an action alleging an unlawful arrest when the events allegedly happened. *Wallace v. City of Chicago*, 440 F.3d 421, 426-27 (7th Cir. 2006), *aff'd by Wallace v. Kato*, 549 U.S. 384 (2007) (two-year limitations period for false arrest and false imprisonment claim accrues at the time of arrest and imprisonment and not at the time a plaintiff is released from custody). The same two year statute of limitations applies for claims of excessive force on arrest. *See Foryoh v. Hannah-Porter,* 428 F. Supp. 2d 816 (N.D. Ill. 2006).

Plaintiff's deliberate indifference to a serious medical condition claim is also time-barred as the same two year statute of limitations applies to this claim. Although state law determines the length of the statute of limitations, federal law determines when that statute of limitations begins to accrue. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1991). Federal law dictates that accrual begins when a "plaintiff knows or should know that his or her constitutional rights have been violated." *Id*. In this case, Plaintiff alleges that during his arrest, he was injured, and when he was taken to the police station, he was denied medical treatment. So, Plaintiff knew of the alleged denial of medical treatment on the night of his arrest, which occured "on or about after mid 2008." *See* Plaintiff's complaint, p 3. Because more than two years have elapsed since Plaintiff's claim as to an unlawful arrest against Defendants arose, any cause of action relating to Plaintiff's arrest including his claims of excessive force and deliberate indifference to a serious medical condition are untimely.

Additionally, Plaintiff's remaining claims relate to his criminal case, and are, in essence, claims for malicious prosecution. Plaintiff claims that Defendants falsified records, instructed witnesses to lie and provide testimony that he was a burglar. Plaintiff's claim for malicious prosecution is not actionable in federal court as malicious prosecution is not a constitutional tort so long as state law provides a remedy. *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001); *Bontkowski v. Smith*, 305 F.3d 757, 760 (7th Cir. 2002); *Griffin v. Chicago*, 406 F.Supp.2d 938, 947 (N.D. Ill. 2005). While Plaintiff may not pursue his claim for malicious prosecution in federal court, he may, should he choose (to the extent that it is not otherwise barred) bring his malicious prosecution claim in state court.

For the reasons contained in this order, the Court dismisses the complaint pursuant to § 1915A. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff is warned that if a prisoner accumulates three strikes (if he has had a three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).
**(CONTINUED)**

## STATEMENT

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).

Plaintiff's motion for appointment of counsel is denied as moot.